## FOWLER & a., v. TOWLE.

A writ of error would be the proper remedy to correct errors in a judgment, in a case tried by the court under section 4, of chapter 189, General Stat-

utes, in all cases where it would be the proper remedy, if the same case had been tried by the jury, instead of the court.

But a writ of error will not lie, to correct errors in a judgment, when the party against whom the erroneous ruling was made. had an opportunity to except to such ruling at the time it was made, and failed to do so.

Nor will a writ of error lie to correct a ruling of the court upon any subject, which is purely within the discretion of the court.

When the presiding judge tries the facts in the cause by agreement of parties, he has the same powers, as a jury would have to find issues of fact upon legal evidence, and his powers as judge remain the same as before, *viz ;* to rule upon questions of law, to make proper orders, and to exercise his discretion in allowing disallowing or limiting costs, but he had no other or additional powers in such case, except such as belong to the judge and the jury, in an ordinary case.

When the presiding judge tries the facts, he cannot properly find a conditional verdict, or as judge, make a conditional order, imposing a penalty upon either party, who shall not abide by his judgment. or who shall farther prosecute the litigation.

Such a provision in a verdict, would of mere surplusage. and would be stricken out and rejected, and any such order of the court, would be extrajudicial, illegal and void.

This was a writ of error, brought by Cyrus Fowler and others against Elias Towle.   The writ of error is dated October 1, 1869.

The original action was replevin, for a meeting-house bell, in favor of Towle, against Fowler and others.   The plea was *non cepit*, with a brief statement, giving notice of title to the bell in the defendants and others.   By consent of the parties, the action was tried by the court at Freedom, after the adjournment of the May term, 1868. Neither party requested the court to report the facts found, nor the conclusions of law upon them.   At the close of the trial, the cause was reserved for consideration upon written arguments, and the finding of the court was subsequently filed in the clerk's office.   The finding, after giving a description of the action, concludes as follows :

" The case was well tried, and the evidence and law were well argued by the respective counsel engaged, in writing.   The court, after a mature examination and consideration of the facts and evidence, and the law applicable thereto, has come to the conclusion, that the said Elias Towle recover of said defendants one dollar, for his alleged damages for the alleged caption and detention of said bell mentioned in his declaration ; and also that plaintiff be restricted to the recovery of one dollar in full of all costs whatsoever in this suit.                              G. W. N., Jus. &c.

The finding of the court is also upon the further limitation and condition, that if the defendants shall undertake either by transfer of the action to the full court or otherwise, to delay immediate judgment according to the aforesaid finding of the court, then the plain-

tiff by way of penalty, shall be allowed to recover the whole amount of his legal costs from the beginning, and also if the plaintiff shall attempt to transfer this action as aforesaid or otherwise disturb the aforesaid finding of the court, then, in such case, the court orders that, by way of penalty, the aforesaid finding shall be wholly reversed and annulled, and that the said defendants recover as damages against said plaintiff the value of the bell, being three hundred dollars, with interest from the 5th day of July, A. D. 1867, and full costs of court.          G. W. N., Jus. &c.

The action on the docket having been continued *nisi* judgment is therefore ordered as of the last term for plaintiff for one dollar debt, and one dollar costs, and the clerk will enter it up accordingly.

G. W. N., Jus. &c."

Upon the filing of the foregoing finding judgment was entered up as of the May term, 1868. The record of judgment, after reciting the title of the court and of the action, proceeds as follows:

" At this May term of the court after the adjournment thereof and by the consent of the parties, the action was continued *nisi* and tried by the court in the town of Freedom, in said county, and judgment to be rendered as of this term.

The court, after having heard the parties, find for the plaintiff in the sum of one dollar debt or damage, and cost of court taxed at one dollar, as is more fully set forth in the written finding of the court on file.

It is therefore considered by the court that the plaintiff recover of the defendants one dollar debt or damage and costs of court taxed at one dollar."

Execution was issued on the foregoing judgment, September 7, 1868, and had not been returned when the copies were furnished in obedience to this writ of error. At the November term, 1868, the original defendants filed a notice of review, which was duly served on the plaintiff's attorney, and thereupon on motion of the plaintiff, a new judgment for costs was ordered, which, after stating the title of the court and action, proceeds as follows:

" Judgment having been rendered in this action, at the May term of the court, A. D. 1868, that the plaintiff recover one dollar debt or damage and costs of suit taxed at one dollar.

Now at this term, upon motion of the plaintiff, the action is brought forward and full costs ordered in favor of the plaintiff against the defendants.

It is therefore considered by the court that the plaintiff recover of the defendants costs of court taxed at one hundred and eighty-seven dollars and twenty-three cents."

Execution was issued on the last named judgment, January 29, 1869, and the amount of said judgment was duly paid.

At the next term of the court the notice of review was duly entered and continued.

In the assignment of errors in this case the plaintiffs in error pray that " the judgments aforesaid may be reversed and held for nothing,

and that they may be restored to all things they have lost by reason thereof."

The following is a copy of the errors assigned :

1. Because judgment was rendered in favor of said defendant in error, against said plaintiffs in error, instead of in favor of said plaintiffs in error, against said defendant in error, as by law it should have been ;

2. Because judgment was rendered in favor of the said defendant in error, against the said plaintiffs in error, upon the finding of the court, when the said finding was insufficient and incapable of supporting said judgment ;

3. Because the said finding was indefinite, uncertain and equivocal ;

4. Because the said finding was double and alternative in form, viz : that the original plaintiff recover one dollar of the original defendants for the caption and detention of the bell in controversy and one dollar costs, and also that the original defendants recover as damages against the original plaintiff the value of the bell, being three hundred dollars with interest from July 5, 1867, and full costs of court ;

5. Because the judgment, which said finding provides for, in favor of the original plaintiff or of the original defendants was made to depend on contingencies, which might or might not happen ;

6. Because the judgment provided for by said finding, was not based upon the law and the evidence in the case, but in part upon the subsequent behavior of the parties ;

7. Because the court in and by said finding, did not pass upon or decide any issue presented by the pleadings in the case, nor try the facts in controversy ;

8. Because the court in and by said finding, did not decide as to the property in said bell, whether the same was in the original plaintiff or in the original defendants ;

9. Because it cannot be ascertained from said finding, whether the court considered the property in said bell to be in the original plaintiff or in the original defendants ;

10. Because the court by said finding, undertook to provide for such a judgment as would punish the one party or the other, for their subsequent conduct in said action ;

11. Because the court by said finding, attempted to prevent the respective parties by threats of punishment from pursuing the remedies authorized by law ;

12. Because the court by said finding, unlawfully restricted the original defendants from undertaking "to delay immediate judgment according to the aforesaid finding of the court," and unlawfully restricted the original plaintiff from undertaking "to disturb the aforesaid finding."

13. Because the court ordered judgment, as of the then last May term, for the original plaintiff for one dollar debt and one dollar costs, without giving to the original defendants, any opportunity, to except to the ruling or decision of the court in matters of law ;

14. Because the court at the November term thereof, 1868, hav-

ing caused the said action to be brought forward, rendered judgment that the original plaintiff recover against the original defendants costs taxed at the sum of one hundred and eighty-seven dollars and twenty-three cents ;

15. Because the court at said November term, awarded costs to t'1e original plaintiff in the said sum of one hundred and eighty-seven dollars and twenty-three cents, as a punishment for pursuing a legal remedy in said action, after the rendering of said original judgment ;

16. Because the court by bringing forward said action, left nothing in the files of the May term, to support the judgment of that term, and rendered the same irregular and erroneous ;

17. Because judgment was rendered at said November term, for costs, without any judgment for damages to support it.

The defendant in error moved to quash the writ of error upon its return into court, and the parties agreed that " pleas may be filed and argued without prejudice to defendant's motion to quash in the same brief in which said motion is argued." No plea has been furnished, and the defendant in error relies solely upon his motion to quash.

*F. Hobbs and Whipple,* for defendant in error.

I. The court, by which the case at bar was tried, did not proceed "according to the course of the common law."

The record shows that by consent of parties the case was tried by the court at Freedom, under chapter 189, sections 4 and 5,—Gen. Stat. and chapter 192, sec. 5. Chap. 189, sec. 5, provides that " the decision of the court in such case shall be in writing, *if either party so requests,* stating the facts found, and the conclusions of law upon them, which shall be filed and recorded." Under this section, a previous request by a party is an essential condition precedent to the right of either party to a decision in writing, or to a statement of the facts found, or to the conclusions of law upon the facts found, or to the filing and recording thereof. Unless such a request has been previously made, the court are not obliged to report the facts found or the conclusions of law upon the facts. The statute contemplates, in case no request has been made for a decision in writing, a mere naked judgment. Unless such a request has been made, the court need not *report* either the facts found or the conclusions of law, and still upon judgment rendered there is a conclusive legal presumption, that *in point of fact,* said judgment was rendered in accordance with the law, as applicable to the facts found. Under that section, in the absence of such request, the court may report the facts, the conclusions of law, or neither, or any portion of either thereof, as is deemed by him best. The legislature acted upon the natural presumption that the facts found and the conclusions of law upon the same, when done by a member of our supreme tribunal, would be correct ; but still, out of caution, provided for a decision in writing in case of request, in order that

any party might have his exception in matters of law. But with equal wisdom it has confined the party to remedy by " exception" and to cases where there has been " such a request." This jurisdiction of the court, being a peculiar creation of the statute, the remedy by exception is not cumulative but *exclusive.* Under this section the exception is restricted to matters of law—there can be no setting aside the verdict as against the evidence, as at common law.

As there was no request in the case at bar for a decision in writing, it was not necessary that the court should, by said finding, report the facts found, i. e., *it was not necessary that he should report whether he found the bell to be the property of plaintiff or of defendants;* but had the proceeding been as by the course of the common law, this would have been the very quintessence that must appear in the verdict and *in the record.* Herein, then, the court in such case does not proceed according to the course of the common law. Its *verdict* is not after the course of the common law.

If in case, under chapter 189, section 5, there are errors, can this law court render such judgment as should have been rendered in the trial court? How will you decide what judgment should have been rendered by the court below, when you have no means of knowing upon what facts found the conclusions of law were drawn, in accordance with which the judgment itself was rendered? What were the facts found? What were the conclusions of law upon them? Do you find any record thereof? Is there any way to make such a record? All the record shows or needs to show in case "such request" has not been made, is a lone cold judgment. As the facts are not of record, you cannot tell what conclusions of law they would warrant, and hence you are not able to say whether or not they did warrant the conclusions of law upon which the trial judge ordered judgment. But if there are no facts upon the record from which the conclusions were drawn, from what can this court draw any conclusions of law, or decide what the judgment should have been at the trial term, or how decide that the judgment at the trial term was or was not correct? But error does not lie unless the court above *can render such judgment as the court below should have rendered,* " according to the course of the common law." *Commonwealth* v. *Ellis*, 11 Mass. 465 ; *Drowne* v. *Stimpson,* 2 Mass. 444 ; *Dorchester* v. *Wentworth,* 31 N. H. 457 ; *Rochester* v. *Roberts,* 25 N. H. 496 ; *Peebles* v. *Rand,* 43 N. H. 342 ; 2 N. H. 166 ; Dane's Abrig. pp.56 and 57 ; Bacon's Abrig. p. 194, and cases cited. The law is well settled, that whether the plaintiff in error be the original plaintiff or defendand, the judgment on error will be such as the court below should have rendered. In *Commonwealth* v. *Ellis,* before cited, the court say : "The general principle is well settled. If the judgment complained of was rendered by a court proceeding according to the course of the common law, error lies, on which, in case of reversal, this court is authorized to render the same judgment as the court below should have rendered. But if the court below proceed in a course different from that of the common law, the only mode of correcting any error that may have occurred is by *certiorari.*"

This court, in rendering such judgment as the court below should have rendered, is not confined to the case where the original plaintiff is also plaintiff in error. *Burt* v. *Stevens*, 22 N. H. 231, and cases cited; *Groenvelt* v. *Burwell et al.*, 1 Lord Raymond 454. This case is conclusive that error will not lie in cases like the one at bar. Upon a case stated error will not lie, 7 Mass. 380; 9 Mass. *329. The last case sustains the construction of our statute, that if the party wishes to bring error he must have the facts upon the record upon which the judgment rests, as the resultant of legal deductions from those facts.

II. The notice of review at trial term, 1868, duly filed and served, was an attempt to delay judgment, and hence full costs were ordered. This is a part of the record. It is the basis of a judgment for full costs, and by agreement of parties' attorneys, is sent up as a part of the record on the writ of error. As the record shows that review is still pending, we submit that having made an election to review, plaintiff cannot bring error at the same time, or have both actions pending at the same time. To be sure, one may not be pleaded in abatement of the other, *Rogers* v. *Odell*, 39 N. H. 417, but would seem to be a bar, especially in the light of 43 N. H. 341. The court will examine the whole record and take advantage of any matter in the record to affirm the judgment, though that matter be not pleaded. Vin. Abrig. Error (Ec.) 1, 2.

III. The limitation of costs is entirely within the discretion of the trial justice. The trial justice may make such order or condition in regard to costs as he deems just. Error does not lie in matters within the discretion of the trial justice. 29 N. H. 369.

In brief, error lies only to courts of record, proceeding according to the course of the common law. In cases under sec. 5, ch. 189, where there has been no "such request" the court does not proceed "according to the course of the common law." The case at bar is under sec. 5, ch. 189, where no "such request" was made. Hence, error does not lie. Therefore the writ must be quashed.

*E. A. Hibbard & Stevens*, for plaintiff in error.

I. We propose in the first place to treat the judgment of May term, as subsisting and not vacated by the bringing forward of the action at November term. What the plaintiffs in error have lost by that judgment, is a right to have their cause tried upon the issue, and decided for or against them according to law, as the title in the bell may be found in one way or the other. What they have lost by the judgment of November term, is the amount of costs awarded against them $187.23.

II. It is not denied, in the brief of defendant in error, that if any other tribunal except a single judge setting to try the facts of a case, and without any request from either party to make his decision in writing, had made the decision now in controversy, it would have been fatally bad. It is tacitly admitted, that the finding of the pre-

siding judge can only be sustained, by interposing technical objections, to shield it from examination, and prevent this court from inquiring into its validity. We make no question that as stated in the defendant's brief, a previous request by a party is an essential condition precedent to a right to a report in writing of the facts found. It may even be conceded, that if the judge had simply decided that Towle should recover of Fowler and others $1 damages and $1 costs a valid judgment might have been rendered without a special finding upon the title of the bell. But the judge, though not requested to do so, *did* report in writing and did state sufficient to show the grounds of his decision, viz.: *that without regard to the ownership of the bell, something must be done to stop the litigation.* And it thus appears, that the decision was an illegal one upon which no valid judgment could be rendered.

III. Our position is, that the judge had no lawful authority to make an alternative decision, depending not on the law and evidence, but on the subsequent behavior of the parties. He could not lawfully do it any more than he could order the bell to be broken in pieces, and that a portion be taken by each party. He could not lawfully find for either [party, without deciding the property in the bell to be in that party, and the property in the bell could not be changed from one party to the other by their subsequent deeds or misdeeds. If the judge had ordered the original defendants to stand in the pillory it might as well be argued that they would have no remedy because they had not requested a report in writing.

IV. Such a request could not transform this case into a proceeding "according to the course of the common law." If it was not so without such request, it clearly would not be with it. Nor could the agreement of the parties to try the facts by the court have any such effect. The statutes cited in the defendant's brief, do not make a referee of the presiding judge in such a case, nor change his relation to the parties, nor alter the rules of law applicable to the case. The object of the statutes in question, was to facilitate business, and perhaps lessen expenses, but not to create a tribunal to try or decide causes, outside of the rules of law. Suppose even, that the judge had sat as a referee, possessed of power under some circumstances to decide contrary to law, and had made a report similar to the finding in this case, it must, for reasons stated in the assignment of errors, have been set aside on the petition of either party. There is nothing in the authorities cited in the defendant's brief, which goes to show, that a *certiorari* instead of a writ of error, was the appropriate remedy in this case. In the case cited of *Drowne* v. *Stimpson*, 2 Mass. 444, which was a writ of error, the court did proceed to quash the proceedings, although holding that the true remedy was by *certiorari*.

V. But it is claimed, that the court cannot render such a judgment as ought to have been rendered in the trial court, having no means of knowing the facts. That may be true. If the facts were reported, and this court could see that the action was not maintainable

the proper order would be that judgment be reversed, and a new judgment be entered up for the original defendants.    But where the court which reverses a judgment, has nothing on which to found a judgment for the plaintiff in error, the original judgment should be annulled and a *venire facias de novo* awarded.    *Hillsborough* v. *Deering*, 4 N. H. 96; *Sargent* v. *French*, 10 N. H. 444; *Trow* v. *Messer*, 32 N. H. 362.    The plaintiffs in error, move for a *venire facias de novo* as to the first judgment, unless the court shall be of the opinion that, for reasons hereinafter stated, that judgment was vacated, by the bringing forward of the action.    They also move for a writ of restitution, as to the second judgment for costs.

VI.   But it is alleged that our sole remedy is by exception, and that a writ of error cannot be sustained.    This comes with a bad grace, when it is remembered how the judge stood as a guard over his decision, threatening a heavy penalty upon whichever party should intefere with it.    A complete answer may also be found in the fact, which appears in the finding, that the decision was made in vacation, after counsel had furnished written arguments, (which shows that the decision could not have been made before the parties and their counsel separated from the hearing,) and it in no way appears, nor can it be inferred, nor is it true, that the original defendants had any opportunity to except, or knew anything about the decision till judgment was rendered.    By the express terms of the judge's order, it was the duty of the clerk to enter up judgment, as soon as he received it.    The thirteenth error assigned, alleges, that the original defendants had no opportunity to except, and this is not controverted by any plea and must be taken to be true.    *Clagget* v. *Simes*, 31 N. H. 31.    Therefore unless they can maintain this writ of error, they have no remedy, and have never had any.    If an erroneous judgment is not reversible under such circumstances, it may as well be understood, that writs of error have had their day in New Hampshire.    There is no more ground for saying that our only remedy is by exception, than if the trial had been by jury.    Chapter 189, sec. 4, Gen. Stat., provides that "judgment rendered on such trial shall be conclusive *as if rendered upon the verdict of a jury.*"    Section 5 provides that "either party may except to any ruling or decision of the court in matters of law *in the same manner and with like effect as upon a trial by jury.*"    Section 9 provides for exceptions in cases tried by *the jury or court*, which must be reduced to writing *during the same term.*"    Nothing in this, or the following sections can apply to a judgment rendered in vacation, (nor in fact in term time,) when the party aggrieved was not present and had no knowledge of it. It does not seem possible, that this court, if they deem the decision in this case illegal, will hesitate to reverse the judgment which was erroneously rendered upon it.

VII.    One test for ascertaining whether either alternative of the decision could be lawfully executed, may be to inquire whether both of them could be.    An order that is not valid, as to both parties, cannot be valid as to either.    Now suppose that Fowler and others,

had been of good behavior but Towle had violated the decision, could a valid judgment have thereupon been rendered in favor of Fowler and others, for the value of the bell and costs? That it could not, seems too plain to require argument. If not, then not only the judgment for full costs is bad, but no valid judgment could in the first instance be rendered for $1 damage and $1 costs. If it is to be inferred, as the opinion of the judge that *Towle owned the bell if both parties should subsequently be of good behavior*, the inference is equally strong that he thought *Fowler and others owned it if they should behave well and Towle should not.*

VIII. The judge was apprehensive that both parties would make war against his decision, and he sought to provide a punishment that would deter them. Now suppose the apprehensions of the judge had been correct, what would the judgment have been? How could both penalties be executed? The case submitted to Sancho Panza, when called on to decide the traveller's fate, who, under the penalty of execution upon a neighboring gallows if he swore falsely where he was going and what his business was, swore that he was going to die upon that gallows and that was all his business, did not present a more formidable difficulty. Perhaps a method could have been invented of rendering two judgments, viz.: one for Towle for $1 damage and full costs, and one for Fowler and others for the value of the bell and full costs. But how could *any* judgment be rendered for Towle if " the aforesaid finding " in his favor, was "wholly reversed and annulled?" That is a hard question. It seems if Towle had also attacked the decision, he would not have been entitled to any judgment in his favor, and Fowler and others would have had judgment for the value of the bell and costs notwithstanding they were guilty of the grave offence, for which they have been fined $187.23!

IX. It may here be remarked, that the judgment for full costs was not called for, even if we give full force and effect to the decision. The judge did not provide for any punishment of the original defendants, except for one offence, viz.: "undertaking, either by transfer of the action to the whole court or otherwise, to delay immediate judgment according to the aforesaid finding of the court." Now judgment *was* rendered "according to the aforesaid finding," and the record shows that execution was issued thereon Sept. 7, 1868, and it does not appear nor is it true, that either of the original defendants undertook in any manner to delay it. Commencing proceedings for a review in November afterwards, did not come within the terms of the prohibition, and could not make Fowler and others liable for the penalty imposed.

X. If the principle of deciding causes, not according to the law and evidence, but upon the future conduct of the parties, is to receive the sanction of the court, no reason is suggested why juries, auditors and referees, and others who are called upon to decide controversies, may not also adopt it, and let all judgments be held over the heads of the parties, to compel them to be of good behavior by

a threat of reversal or alteration. If this decision had been that if Fowler and others should assault Towle then, " by way of penalty," he should be allowed full costs, or if Towle should assault Fowler and others then, " by way of penalty," they should recover the value of the bell and full costs, it would have had *some* merit in it, because it might restrain the parties from committing a breach of the peace, whereas according to the decision of the judge, the threatened punishment was for doing what the law fully authorized the parties to do, and what nothing short of legislative power had any authority to prevent their doing.

XI. The motives of the presiding judge are not called in question. But suppose at the time of making his decision, he had honestly believed that the election of Gen. Grant to the presidency was indispensable to the welfare of the country, and that it was his duty to compel the parties to vote for him, and had provided in his decision that, if Fowler and others should vote for Mr. Seymour, then Towle, " by way of penalty" should recover full costs, and if Towle should vote for Seymour, then Fowler and others, " by way of penalty," should recover the value of the bell and full costs, the motives of the judge would be equally free from suspicion. No person would pretend that any judgment could be rendered on such a decision, yet it would rest on as good foundation as the one under consideration.

XII. If the judge, before making any report, had proposed to Towle to find in his favor provided he would accept of nominal costs, threatening to find for Fowler and others if he did not agree to it, and Towle had accepted the proposition, and judgment had been rendered accordingly, it does not seem possible that the proceeding could have been sustained, but if this finding can be sustained why not that?

XIII. " A judgment founded upon an imperfect verdict is erroneous." Unless " all the matter necessary to entitle the plaintiff in the original suit to judgment can be collected from the verdict," judgment will be reversed. *Holman* v. *Kingsbury*, 4 N. H. 106. A verdict that is so uncertain that it cannot be clearly ascertained whether the jury meant to find the issue or not is bad. *Allen* v. *Cummings*. 29 N. H. 75; *State* v. *Rollins*, 8 N. H. 568; *Cheswell* v. *Chapman*, 42 N. H. 55. The reasons for such a rule in regard to a verdict of the jury are equally applicable to a finding of the court. The authority of the court is, of course, quite different from that of a jury, but it may be safely asserted that the court could with no more propriety base a decision upon the reason which is obvious in this finding, then a jury could base a verdict upon such a reason. Suppose the jury should give greater or less damages than the plaintiff was entitled to, in their opinion, upon the law and evidence, in order to increase or diminish the costs, the verdict could not stand. *Lincoln* v. *Hapgood*, 11 Mass. 358. A jury might as well, upon the same evidence and the same law, find neither way or both ways upon the issue as for the court to do it.

XIV. No authority has been or can be cited in support of the

position that a writ of error and an action of review cannot be prosecuted at the same time. The plaintiffs in error might bring either or both as a matter of right. The two remedies bear no resemblance to each other. A party who thinks himself aggrieved by a judgment may well attempt its reversal. If that should fail it would constitute no reason for denying him the right of review which the statute gives. Ordinarily, the writ of error might not be decided till after the time for bringing a review as a matter of right would expire. Besides, the last two errors assigned relate to a matter in no way connected with the action of review, and that, whichever way decided, would have no bearing upon it.

XV. The discretionary power of the presiding judge over costs is conceded, but he has no power to allow costs where the law allows none. The only possible ground of sustaining the original judgment is by holding all after the first signature of the judge to be surplusage. As this would leave nothing whatever, to support the second judgment for costs, it has not been suggested in the defendant's brief. If such a view should be adopted by the court, and then the last judgment should be sustained on the ground that a judge has a discretionary power to award costs without authority of law, it might raise doubts in the minds of these plaintiffs as to law and justice being synonymous terms.

XVI. It is due to the profession of the law, that the power of the court to go outside of the facts and the law of a case, weighing the events of the future as well as those of the past in deciding causes, should be settled one way or the other. Nevertheless it seems that for reasons quite different from those stated in the defendant's brief, it may not be necessary for this court to meet that question. Tne bringing forward of the action at the November term, vacated the first judgment, without any special order to that effect, and thus left no judgment for damages to be either reversed or reviewed. If this defendant by his own motion, has destroyed all the validity his judgment ever had, he cannot complain of the consequences. The action, when brought forward, stood as if it had been continued at the May term. Judgment cannot be rendered in an action, and at the same time the action be continued to the next term. Suppose a special judgment rendered and execution issued during a term, but subsequently the court orders the action to be continued and it is continued, how can the special judgment have any validity after the continuance? "The effect of an order to this effect, from its incompatibility with the order for judgment, would be to revoke that order for judgment, or at least to suspend its taking effect." *Claggett* v. *Simes*, 31 N. H. 62. It is true, the judgment was there held not to be a nullity, though "liable to be set aside and avoided;" but the order for a continuuance in that case was not entered upon the clerk's docket, and was not a matter of record. The judge ordered the case to be continued, *but it was not continued.* The court therefore held, that the judgment would only be set aside "upon a proper application for the pur-

pose." But in this case it is a matter of record, that the action was brought forward. The court ordered it to be brought forward, and it *was brought forward.* It seems therefore, that there is nothing left among the files of the May term, to support a judgment, (no writ, no plea, no finding of the judge,) and so there is no subsisting judgment for damages. In that event, although no judgment for the value of the bell has been rendered in favor of Fowler and others, what is to protect Towle from liability upon his replevin bond, for not prosecuting his action to final judgment? However that may be Fowler and others are not desirous of having any question in this case disposed of on such an objection. If it is incumbent on them to move for a *venire facias de novo,* or that the action be again brought forward, in order that there may be a trial before the jury upon the merits, they move for it; if it is incumbent on Towle to make the motion they do not object to it.

XVII. If the bringing forward of the action did not operate as a vacation of the first judgment, for want of an express order to that effect, it does, upon the authority of *Claggett* v. *Simes*, 31 N. H. 62, before cited, "show ample cause for setting aside the judgment." The suggestions made under the last preceding head, are also applicable upon this point.

XVIII. The court at the November term, if disposed to enforce the finding of the judge, should have called in and cancelled the first execution, and rendered a new judgment for $1 damage in order to give validity to the new judgment for costs. The action stood, after it was brought forward, the same as if it had been continued at the May term. The court could not render judgment for costs and leave the question of damages (involving the title of the bell) undisposed of. *Dodge* v. *Clark*, 39 N. H. 246; *Farnsworth* v. *Page*, 17 N. H. 336. The second judgment ought therefore to be reversed for that reason.

*Hobbs* in reply.

Defendant has not " tacitly " admitted anything. The agreement was that defendant might plead—not should plead. On a critical examination, the motion to quash was found to reach plaintiff's vitals. We will argue the case at bar,—the motion to quash. In *Drowe* v. *Stimpson*, 2 Mass. 333, it is held that error does not lie in cases not proceeding according to the course of the common law, but that when the record and the parties are before the court on error, irregularly sued out, the court *may* quash the proceedings in the court below. This case has been for a long time overruled as to the power of the court to quash the proceedings in the court below. See *Commonwealth* v. *Ellis*, 11 Mass. It seems never to have been the law in this state. In *Durham* v. *Thompson*, 2 N. H. 166, this precise point was decided. In that case, the motion was to quash the writ of error, on the ground that *certiorari* was the proper writ. Plaintiff contended that though *certiorari* was the proper

writ, still the record being before the court, the proceedings could be quashed on the writ of error. The court refused to quash the proceedings of the court below, but did quash the writ of error and said : " It is true that when the distinction between a writ of error and *certiorari*, was first taken by the supreme court of Massachusetts, they *sometimes* proceeded to quash proceedings which were irregularly before them on a writ of error. This was without doubt very proper upon a sudden change of practice, but is no longer done there. In this state, the distinction between writ of error and a *certiorari*, is now very well understood ; there is therefore no ground for such an indulgence." In *Dorchester* v. *Wentworth*, 31 N. H. 451, *Durham* v. *Thompson*, is affirmed. In case at bar, as in 31 N. H. 451, " the proceedings are based entirely upon the statute." Defendant's brief, and the opinion of the court in that case, are crisp and to the point.

I. The 1st, 2d and 3d sections of plaintiff's argument do not apply to the case at bar. They do not bear upon the question, " will error lie ?" We observe that it cannot be of any importance to *now* consider what effect " such a request " would have. We have not and do not express any opinion on that point. It is not raised by the case at bar. The question is not, how it would have been under conditions that do not exist, but how is it on the nude case before the court,—will error lie where there has been no request? The cases cited in the 5th section of plaintiff's argument are not in point. They have no bearing upon the motion to quash. They pertain to cases proceeding according to the course of the common law. Comment is not requisite.

II. The suit was continued *nisi*, at the May term, by the consent of parties. What did that mean? Simply that the case was continued for judgment, to the next regular term of court, unless the judge should be able to render decision before that time, i. e., if he should make up his mind, he had the legal right to render judgment before the next regular term. This is the common practice. This very point is settled in this State. *State* v. *Rye*, 35 N. H. 375 and 376 ; 2 N. H. 329. By consenting to continue *nisi*, the parties waived their right to move the arrest of judgment as well as certain other things. It is the nature of the thing. They raised no exceptions at the trial, which they insisted should be decided during the trial, nor did they insist that the " consideration of them should be postponed to the next term." The fact that plaintiffs had no chance to file exceptions, was the ordinary and legal consequence of their own action. Neither party at the trial filed a single exception. Both parties consented to the continuance *nisi*, the legal sequence of which always is to estop exceptions not previously saved. If plaintiffs wanted to save the right of exception, they should have filed them during trial, and insisted on their being decided at the trial, or had the case continued generally. It " comes with a bad grace " for a party who has consented to a continuance *nisi*, to complain that the court have pursued the usual course and rendered judgment as of

the last term. Sections 7th to 15th we pass in silence, as they do not bear upon the question,—" does error lie." The vagaries of section 16th do not require notice. However, *Claggett* v. *Simes*, was not a case where an action was brought forward. The case is not in point. To the point, that bringing forward an action does not vacate the judgment, see *Russell* v. *Dyer*, 39 N. H. 530.

The judgment for full costs was correct, but it is not necessary to argue any point except the question, does error lie? The case was fully and fairly tried before the judge, and the decision was just and in accordance with law and the evidence, and the record must stand and the plaintiffs' writ will be quashed. Had injustice been done plaintiffs, they could have petitioned for *certiorari*, have shown the merits of their claims, if any exist, and the court could grant the petition. But plaintiffs have no cause to complain of injustice, and well know that they cannot show any ground on the merits, for a *certiorari*.

III. *Peebles* v. *Rand*, 43 N. H. 343, is conclusive that as plaintiffs, by consenting to continue *nisi*, waived all right to future exceptions, and did not file nor take any exceptions at the trial (and if they had been filed continuance *nisi* would have waived them), they could not now have a writ of error even had the case proceeded according to the common law. The court are invited to examine page 342 of that case. It concludes plaintiffs, utterly. It is both law, equity and common sense.

IV. As to the order for judgment for full costs, defendant says that the same was in accordance with first judgment. That under Gen. Stat., sec. 13, ch. 215, page 537, the original judgment may be " wholly reversed." That the very terms of the statute contemplate that result. *Otis* v. *Currier*, 18 N. H. 85, cannot be the law beyond this, that on review the original judgment need not, ex necessitate, be reversed. But may not the court reverse the original judgment, and at the same time order a new judgment? Suppose, in the case put by Parker, C. J., that the plaintiff in review, instead of taking judgment for the land, had entered up " original judgment reversed," he would be in precisely the same condition. In the one case, he takes title by a judgment subsequent to the original; in the other, he takes his title by destroying, i. e., reversing the original judgment. This comports with the phrase in sec. 13, cited above, " unless the original judgment is wholly reversed." But it is not necessary to argue this point. The plaintiffs had an opportunity to except to the order of the court at the November term, ordering judgment for full costs, and did not do so, and hence they cannot now bring error on that ground, were the order itself erroneous, which we deny. See *Peebles* v. *Rand*, 43 N. H. 342, where this express point is settled. See, also, *Haywood* v. *Bath*, 35 N. H. 514; *State* v. *Richmond*, 26 N. H. 234; *Huse* v. *Grimes*, 2 N. H. 209.

SARGENT, J. The first ground taken by defendant in error, on his motion to quash is, that in this class of cases, error does not lie. That the proceeding being entirely by force of special statute, is not

a proceeding according to the course of the common law, and there-fore that *certiorari* should have been the form of proceeding instead of error.

What are the statute provisions applicable to this case? Secs. 1 & 2 of chap. 189, Genl. Stats., prescribe the jurisdiction of this court at the law terms, while sec. 3 does the same at the trial terms, as follows: "At the trial terms they shall take cognizance of civil actions and pleas, real, personal and mixed, according to the course of the common law," &c. Sec. 4 then provides that "in civil actions the court shall try the facts in controversy and assess the damages, if the parties so elect, and judgment rendered on such trial shall be conclusive as if rendered on the verdict of a jury;" and sec. 5 provides that "the decision of the court in such case, shall be in writing, if either party so requests, stating the facts found and the conclusions of law upon them, which shall be filed and recorded, and either party may except to any ruling or decision of the court in matters of law in the same manner and with like effect, as upon a trial by jury."

Now the question is, whether the substitution of the court for the jury, to settle the questions of fact, by agreement of parties, so far changes the nature of the whole proceeding, that it is no longer "a civil action or plea" prosecuted "according to the course of the common law?" The writ is the same; the service the same; the entry in the court the same; the defendant's appearance the same; the pleadings the same; the issue joined is the same; and, after verdict, the judgment must be the same; and shall have the same effect, as though rendered upon a verdict of the jury; and provision is made, that either party requesting it, shall have the decision in writing, and may except to any ruling or decision of the court in matters of law, in the same manner, and with the same effect, as upon a trial by jury.

When all these facts are considered, and also the fact that it is only by agreement of the parties, that this change can be made, and that all the proceedings, both before and after trial, are to be the same in both cases, we are satisfied that this arrangement of the parties as to the trier of the facts, does not change the nature of the proceeding any more than it does the form, and was not designed to change either.

It is a sufficient answer to this suggestion, that if by this agreement of the parties, and this trial of the facts by the court instead of a jury, the proceeding is changed so as to be no longer a "civil action or plea according to the course of the common law," then the court at the trial term would no longer have jurisdiction of the case, because it clearly does not come under any of the other heads enumerated in sec. 3, and unless it continues to be what it was when it was commenced, viz., a civil action or plea according to the course of the common law, the court would cease to have jurisdiction of the same at the trial term, because it is only as such an action or plea, that the court at that term has any jurisdiction of the case. This position of the defendant in error is not well taken.

A writ of error would be the proper remedy in a case tried by the court, under secs. 4 & 5 in all cases, where it would be the remedy if the same case had been tried by the jury, instead of the court. The court was substituted for the jury in this case, to try the facts, by express agreement of the parties ; but while the court thus settles the questions of fact, in the capacity of a jury, still the judge retains all his powers as judge in questions of law,* and may exercise the same discretion in allowing or limiting costs, that he might before, so that while acting as a jury, to try the facts, he has no power over the costs, either to allow or disallow, or limit, yet as judge, he may pass upon the question of costs.

And while the judge who thus acts in the double capacity of judge and jury has, and may exercise all the powers both of the judge and jury, still he has no powers in addition to those which the court and jury have in any ordinary case. Having premised thus much, in relation to the powers and duties of the judge, who acts as judge and jury both, in the trial of a cause, let us look at the verdict in this case, and see how much of it is a finding upon questions of fact, and what part of it is simply a ruling upon questions of law, or the exercise of the discretion vested in the court.

So far, as the limiting of the original plaintiff's costs is concerned, that was a matter within the discretion of the court, as a court, and had nothing to do with the finding of the facts, and no exception would lie to the ruling of the court, upon a matter like this, which is placed by law in the discretion of the court, and it seems equally well settled, that a writ of error will not lie in such a case. *Rochester* v. *Roberts*, 29 N. H. 360, 368.

To this part of the verdict, then, there could be no exception, and there was no error. And if there had been error in this, the plaintiffs in review being the original defendants, would hardly insist upon having that corrected, and being compelled to pay full costs, instead of the limited amount fixed by the judge who tried this cause. That is not one of the errors assigned in this case.

The other part of the verdict (omitting now the conditional portions of it) is " that said Towle recover of said Fowler & als. one dollar as damages for the caption and detention of said bell mentioned in his declaration." As there was no request to state in writing either the facts found, or the conclusions of law upon the facts in the case, by either side, we think this finding is plain, intelligible and explicit enough, to answer the requirements of the law.

In order to reach that conclusion, the facts found must have been, that the bell in question belonged to Towle, and as he had taken the bell into his possession upon the replevin writ, all he could recover would be the damages for the wrongful taking and detention of it, and that is, what he does recover by this verdict and judgment. This is such a finding that judgment may be properly rendered upon it.

---

*It has, however, been gravely held by the supreme court of another state, that the judge is under no obligation to charge himself as jury as to the law.
                                                                    REPORTER.

Up to the time the case was submitted, we may assume that no exceptions were taken either to the rulings of the court on matters of law or the admissibility of evidence ; because if there had been, the court would have been requested to make its decision in writing, so that the exceptions might be saved, and considered. But it is said, that the final verdict was returned in vacation, in the absence of the parties and their counsel, when no objection could be made, and no exception taken.

While it is true, that the verdict was thus returned in vacation, it also appears from the record that at May term, 1868, the case was continued *nisi*, to be heard at Freedom by the court, and judgment was to be rendered as of that term, by the agreement of parties. Now, if this was all agreed to by the parties, whose fault was it that there was no chance to object, no right reserved to file exceptions, and no time given for that purpose ? Such an agreement without reserving such right or opportunity must be held to be a waiver of the right. Both parties by that agreement, seemed to trust to their good luck in obtaining a favorable verdict, asking for no time or opportunity to make objections, and not even requesting the finding of the court to be in writing, so that they might thus have the chance, to take exception. We cannot see how there could well be a more conclusive waiver of all right to object or except, than such an agreement as this would constitute.

It was held in *Peebles* v. *Rand*, 43 N. H. 337, 342, that by the law of 1855, to remodel the judiciary, sec. 17, " it was designed to change the practice of the court in regard to writs of error, and to substitute for them a more simple and expeditious mode of obtaining a final decision upon questions of law arising at the trial terms, thus limiting the occasion for writs of error, to those cases where the party has no opportunity of taking exception at the time."

And the General Statutes have not only substantially re-enacted that section 17, but have gone, if possible, a step further in the same direction, by enacting in sec. 10 of ch. 189, that such bill of exceptions may be entered by the party excepting, upon the docket of the court at the next law term for the county, and the questions arising thereon shall be considered and determined, *as upon a writ of error, or other proper process*, for bringing the same before the whole court for decision," thus showing that the design was, to substitute the bill of exceptions, not only for the writ of error, but also for the writ of *certiorari* in cases where that had been considered to be the proper process for bringing errors before the whole court for decision.

As we understand the history of this case, the plaintiffs in error made no movement towards suing out this writ of error, so long as the judgment stood undisturbed on this part of the verdict, which we have been considering. They gave notice of their intention to review, and thereupon this defendant, the original plaintiff, had his case brought forward and had judgment rendered for full costs against these plaintiffs, then defendants ; whereupon these plaintiffs, in addition to their review, brought also this writ of error to correct

that judgment. Whether they would have brought error, but for that second judgment, is immaterial, since we hold that if they had done so, they could not have maintained it.

Let us next consider the remaining or conditional portion of the verdict in this case. It will be observed, that the finding of the court is in three separate and distinct parts ; the first and third relate to the same subject-matter ; the first, the finding of one dollar damages and the limiting the costs to one dollar ; the third, ordering a judgment on that finding, according to its terms. These, too, are consistent with each other, and are perfect in themselves, and each is signed separately, and neither of them contains anything, as matter of fact, which the presiding judge might not properly find, acting in place of a jury, or as matter of law, which the same judge acting as court, might not properly do and order.

But the second or conditional part of the verdict is all inconsistent with the other findings, it is all conditional, not upon the law or facts of the case, but upon the future conduct of the parties, and was intended to be held over both parties, as it would seem, *in terrorem,* in order to induce them to abide by the first award, and submit to the judgment, which was ordered thereon. This portion of the verdict is entirely separate from all the rest, and is signed separately.

Whence did the presiding judge, who tried this cause, derive his power to make orders as to the future conduct of these parties ? The power to deprive them of rights which the law had given them, the power to punish them for resorting to those remedies which the law has provided for all good citizens ? He could not derive this power from the agreement of the parties, because this agreement was simply, that the court should act in the place of the jury in finding the facts in the case, and gave the court no additional powers as a court. After that agreement, the presiding judge, had just the powers he had before as presiding judge, and in addition, the power and authority to find the facts in the case, upon legal testimony, and that was all.

A jury may mistake their province, and undertake to find something, that was not in issue, but such part or parts of their verdict would be rejected as surplusage, and only such part as was confined to the issue raised by the pleadings, could stand as a verdict. *Tucker* v. *Cochran,* 47 N. H. 54. So far, then, as he acted as a jury, the presiding judge, had no authority or power to undertake to regulate the future conduct of these parties, and so far the verdict can have no force or effect. While acting as judge, he had the power to limit costs, in his discretion, and to order judgment upon the verdict he had rendered, still he had no more power than he would have had if the jury had found the verdict upon the evidence. In such case, he would have the power to set aside the verdict, if a proper case was made, or to order judgment upon it, or to continue the cause, but he had no power or jurisdiction to put the parties under bonds for good behavior, without the proper complaint on oath, nor had he the power to say that they should not avail themselves of all their legal

rights and remedies, after the judgment which he might properly render, was entered up.

As a part of the verdict, upon the facts, this portion would be merely surplusage, and would all be rejected, and as an order of the court, or a part of the judgment, it was extra-judicial, was without authority, and without legal effect, a mere nullity, not *voidable* merely but absolutely void.

There is no doubt, therefore, that the second judgment would be reversed, if the question were brought before the court at the proper time and in the proper way. But the question here is, whether a writ of error is the proper way to bring the matter before the court at this time. When this case was brought forward, and the new judgment was rendered, it was at a regular term of the court, when counsel were present, as it was their duty to be, and had every opportunity to take exceptions. All the objections existed then that exist now, and if the proper exceptions had been taken to the rulings and orders of the court at that time, the judgment must inevitably have been reversed. No reason or excuse is given or offered, or pretended to exist, why objection was not then made, and exception taken, to the bringing forward of the action, and the rendering of that second judgment.

Under these circumstances, the plaintiffs in error, having had ample opportunity to take any and all exceptions, seasonably, and have them considered just the same as upon a writ of error, and having neglected to take any such exceptions at the proper time, they cannot now, upon the authority of *Peebles* v. *Rand, supra*, be heard to raise exceptions, which they had ample opportunity to take, but did not at the proper time. And which must now, for that reason, be considered and held to be waived.

We find no ground, therefore, upon which this writ of error can be sustained, and are of opinion that the motion to quash the writ should be granted.

*Writ quashed.*